UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RUSTY ALLEN** | **CIVIL ACTION** |
| **versus** | **No. 04-3476** |
| **DISA, INC., et al.** | **SECTION: I/1** |

## ORDER AND REASONS

Before the Court is the motion of plaintiff, Rusty Allen, to remand his case to state court.[1] Defendants, DISA, Inc. ("DISA"), Psychemedics Corporation ("Psychemedics"), and Barry Sachs, M.D. ("Dr. Sachs"), oppose the motion.[2] For the following reasons, plaintiff's motion is **DENIED**.

### *BACKGROUND*

Plaintiff, a resident of Louisiana, originally filed his complaint in state court on November 30, 2004. Plaintiff had been employed by Valero Energy Corporation ("Valero") as a mechanic. On September 30, 2003, plaintiff voluntarily admitted to having a substance abuse problem and, pursuant to Valero's "Employee Assistance Program," took a leave of absence to enter a substance abuse program. On the same day, plaintiff submitted to a drug test and tested

---

[1] Rec. Doc. No. 43.

[2] Rec. Doc. Nos. 47, 48.

positive.[3]

Plaintiff completed the substance abuse treatment program; he claims that he submitted weekly drug tests during this time, all of which were negative. Prior to returning to work, plaintiff was required to submit another drug test. DISA administers the drug testing program at Valero. On November 25, 2003, plaintiff provided a hair sample, and this was subsequently submitted to Psychemedics for analysis. Psychemendics reported a preliminary positive result, which was later confirmed by Dr. Sachs and reported to DISA and Valero. As a result of this positive drug test, plaintiff was not permitted to return to work.[4]

Plaintiff complains that hair testing is not a reliable method of testing for recent substance abuse.[5] Among numerous allegations, plaintiff avers that defendants were negligent in administering the hair test. Plaintiff states that, as a result of his termination, he suffered lost wages, incurred attorneys fees, and suffered humiliation, embarrassment, and emotional distress. Plaintiff further requests "all legal and equitable relief to which he may be entitled, along with costs and interest."[6]

On December 22, 2004, defendants filed their notice of removal, bringing the case before this Court. Approximately one year after defendants removed the case, plaintiff filed the instant motion for remand. Plaintiff does not contest the diversity of the parties. Instead, in his motion, plaintiff argues that defendants have not sufficiently proven that the amount in controversy

---

[3]Rec. Doc. No. 1, Def.'s Ex. 1, p. 1.

[4]Rec. Doc. No. 1, Def.'s Ex. 1, pp. 1-2.

[5]Rec. Doc. No. 1, Def.'s Ex. 1, p. 2.

[6]Rec. Doc. No. 1, Def.'s Ex. 1, p. 5.

exceeds the $75,000 limit required by 28 U.S.C. §1332(a).[7]

### *LAW AND ANALYSIS*

When a case is removed from a Louisiana state court, the

> removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount."

*Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)); *see also Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003).  It is only "where it appears to a legal certainty that a plaintiff's claims is truly for an amount below the jurisdictional amount required to confer federal jurisdiction" that remand is appropriate.  *U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 283 (5th Cir 2001) (citing *St. Paul Mercury Indem. v. Red Cab Co.*, 303 U.S. 283, 58 S. Ct. 586, 82 L. Ed. 845 (1938)).

In plaintiff's responses to written interrogatories, he admits that while he has not fully determined his damages, his estimated special damages alone total $61,810.44.[8]  Considering plaintiff's claim for "all legal and equitable relief to which he may entitled," and his statement of general injury from "humiliation, embarrassment, and emotional distress as a result of his

---

[7]Rec. Doc. No. 43, p. 1.  28 U.S.C. § 1332(a) provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

[8]Rec. Doc. No. 47, Def.'s Exs. 1, 2.

termination based on the drug test," the Court finds that defendants have met their burden to show by a preponderance of the evidence that the amount in controversy likely exceeds $75,000.[9]

Defendants DISA and Dr. Sachs also note in their response that defendant has avoided taking advantage of a method to ensure that his claim is heard in state court.  Louisiana Code of Civil Procedure article 839 provides that a complaint shall not include a specific monetary amount of damages "except that if a specific amount of damages is necessary to establish the jurisdiction of the court [or] the lack of jurisdiction of federal courts due to insufficiency of damages . . . a general allegation that the claim exceeds or is less than the requisite amount is required."  Plaintiff did not include a specific amount in his state court complaint to establish a lack of federal jurisdiction.

Accordingly,

**IT IS ORDERED** that plaintiff's motion to remand is **DENIED**.  If additional facts later appear to cast doubt on federal jurisdiction in this case, the Court will hear an appropriate motion at that time.

New Orleans, Louisiana, March   2nd  , 2006.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[9]*A fortiori*, the Court finds no merit in plaintiff's claim that defendants' allegations regarding federal jurisdiction in its notice of removal were so insufficient as to support sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See* Rec. Doc. No. 43, pp. 2-3.