UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RUSTY ALLEN**                                                                                            **CIVIL ACTION**

**versus**                                                                                                        **No. 04-3476**

**DISA, INC., et al.**                                                                                    **SECTION: I/1**

### ORDER AND REASONS

Before the Court is plaintiff's motion for reconsideration and/or clarification of order denying motion to remand.[1] After reviewing plaintiff's memorandum and this Court's previous order[2], the Court remains confident that remand is not appropriate.

Plaintiff's initial motion to remand contended that defendants had not met their burden to show, by a preponderance of the evidence, that plaintiff's claim exceeded the $75,000 amount in controversy requirement of 28 U.S.C. § 1332. Considering plaintiff's claims and the facts set forth by defendants, including plaintiff's answer to an interrogatory admitting to estimated special damages totaling $61,810.44,[3] the Court found that defendants had met their burden.

Plaintiff now appears to allege that it is a legal certainty that his claims do not exceed $75,000. Plaintiff's assertion that, "[i]f no law *exists* which would permit plaintiff to recover

---

[1] Rec. Doc. No. 60.

[2] Rec. Doc. No. 55.

[3] Rec. Doc. No. 47, Def.'s Ex. 1, pp. 1-2.

1

damages in excess of $13,189.56, then it is a legal certainty that the amount in controversy does *not* exceed $75,000 and the court lacks subject matter jurisdiction" (emphasis in original), is not sufficient to meet the legal certainty standard for remand.[4]  *See U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 283 (5th Cir. 2001) ("As the Supreme Court has made clear, where it appears to a legal certainty that a plaintiff's claim is truly for an amount below the jurisdictional amount required to confer federal jurisdiction, dismissal may be justified.").  Similarly, plaintiff's accompanying citations are unhelpful, as they refer to damage caps that have not been alleged here.  In making these findings, however, the Court does not rely on any secret legal basis, as plaintiff complains.[5]

Plaintiff also asks the Court to explain whether filing an affidavit or stipulation stating that the amount in controversy is less than $75,000 would be sufficient to grant remand.  The Court is unwilling to issue an advisory opinion and will leave the research on this issue in the hands of counsel.

Accordingly,

**IT IS ORDERED** that plaintiff's motion for reconsideration and/or clarification is **DENIED**.  No opposition from defendants is required.

New Orleans, Louisiana, March   8th      2006.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[4] Rec. Doc. No. 60, p. 3.

[5] *See* Rec. Doc. No. 60, p. 4.